with no eyewitnesses of the immediate accident, is relaxed as to what must be proven by a claimant to show freedom from contributory negligence on the part of the deceased, although some proof of freedom from contributory negligence must be shown. Harrison v. New York Central, etc., 195 N. Y. 86, 87 N. E. 802. Certainly the claimant could not, without eyewitnesses, show anything more natural, more careful and prudent, as to the conduct on the part of Christopher Smith on his approach to this bridge than was shown. He was in no apparent haste, and no reason was shown for haste. He was going home in a natural manner. He was found in a very few minutes (less than eight) from the time that he was last seen, as has been shown. He was seen about 20 feet from the bridge. Almost directly thereafter he was calling for help, lying with a broken leg by the towpath directly under this place, where there was no fence or barrier to prevent his falling. He must have fallen down that place.

There was a sort of path that led near the concrete coping on the top of the abutment, and it is very evident that he must have fallen off that place. He could not well have fallen from the bridge, on account of the railings. If he had got only a short distance on the bridge, he would have fallen into the canal, instead of on the towpath. He could not have moved himself from any other place on account of his broken leg, which did not permit him to even stand up.

The claimant had evidently shown everything that it was possible to show in the absence of an eyewitness, and I think she had shown sufficient to warrant a finding that the plaintiff's intestate was free from contributory negligence under the rule as laid down, where a person injured died prior to trial, with no actual witnesses at the precise time of the accident.

It follows that the judgment of the Court of Claims should be reversed, and a new trial granted to claimant, with costs to abide the event. All concur, except SMITH, P. J., and LYON, J., who dissent.

---

KETCHAM v. DEUTSCH et al.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

1. MORTGAGES (§ 372*)—SUBROGATION (§ 14*)—INVALID FORECLOSURE—CONVEYANCE BY PURCHASER—EFFECT.

Where the purchaser at an invalid foreclosure of a second mortgage reconveyed to the holder of the mortgage, the mortgagee continued to hold the mortgage as if no foreclosure had occurred; and a subsequent conveyance by him to a third person operated in equity as an assignment of the mortgage; and the third person, to protect his interest, could pay the prior mortgage and be subrogated to the rights of the prior mortgagee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1102, 1103, 1105–1117; Dec. Dig. § 372;* Subrogation, Cent. Dig. §§ 35–39; Dec. Dig. § 14.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MORTGAGES (§ 372*)—INVALID FORECLOSURE—CONVEYANCE BY PURCHASER —EFFECT.

A purchaser at an invalid foreclosure of a second mortgage reconveyed to the holder, who conveyed to a grantee, who, to protect his interest, paid the first mortgage, and who sold to a third person, who paid part of the price and gave a purchase-money mortgage for the balance. *Held,* that the third person was equitably interested in the premises in the proportion the partial payment in cash bore to the two mortgages, subject to deductions for independent loans from the grantee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1102, 1103, 1105–1117; Dec. Dig. § 372.*]

8. JUDGMENT (§ 747*)—MERGER AND BAR—EJECTMENT—CLAIMS FOR IMPROVEMENTS.

A satisfied judgment in ejectment, wherein a deduction for improvements was permitted under Code Civ. Proc. § 1531, bars a further assertion of claims for improvements.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1284–1296; Dec. Dig. § 747.*]

Appeal from Special Term, Suffolk County.

Action by Peter V. Ketcham against Louis Deutsch and others. From a judgment for plaintiff, defendant Henry Haab appeals. Affirmed.

The following is the opinion of Mr. Justice Putnam at Special Term:

"This suit is a sequel to Deutsch v. Haab, 135 App. Div. 756, 119 N. Y. Supp. 911.

"The defendant L. Deutsch purchased the premises from one Eli Bennet on January 27, 1892, for $2,700, paying $700 cash and giving a mortgage back for $2,000. There was already a prior mortgage of $400. After Eli Bennet's death, his administratrix, Mrs. Emma E. Bennet, filed a notice of foreclosure, by advertisement, in the county clerk's office on February 9, 1894. On October 24th following Henry Marsh, the purchaser on such foreclosure sale, deeded the property back to Mrs. Bennet and the heirs of Eli Bennet, which was followed by a deed from Emma E. Bennet and others to Rushton L. Bennet, a son of Eli Bennet, dated May 21, 1897. Mr. Rushton L. Bennet conveyed the property to Nathaniel Ketcham, who paid off the $400 mortgage, and thereafter conveyed the property, by covenants of warranty, to the defendant Henry Haab and brother, who went into possession and so remained until Henry Haab was defeated in the ejectment suit by Louis Deutsch. In that proceeding it was held that, as the foreclosure by advertisement was ineffective, the defendant Haab was wrongfully and unlawfully in possession. 135 App. Div. 756, 119 N. Y. Supp. 911.

"The present plaintiff, as the son of Nathaniel Ketcham, claims to be the assignee and owner of the mortgage that was defectively advertised, and now seeks to foreclose it, and further to have canceled the satisfaction piece of the earlier $400 mortgage which Nathaniel Ketcham paid off.

"The defendant Haab, who had been defeated in the ejectment suit, now claims equitable ownership of both these mortgages, and also counterclaims for his outlays, while in occupation, for repairs, taxes, and insuring the buildings.

"In reply plaintiff sets up two mortgages, being for $500 and $300, which he urges against any equities of the defendant Haab.

[1] "As the purchaser on the attempted foreclosure sale immediately reconveyed to the holder of the mortgage, the mortgagee continued to hold this mortgage as if no foreclosure had occurred. The subsequent conveyance to Nathaniel Ketcham, while not passing title, operated in equity to assign to him the entire interest in the $2,000 mortgage. Jackson v. Bowen, 7 Cow.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

13. Hence this interest as mortgagee entitled Nathaniel Ketcham to acquire the prior $400 mortgage, and his discharge of it can be still remedied in this proceeding. The doctrine that a mere volunteer cannot claim subrogation does not apply to Mr. Ketcham, since his paying off this $400 prior incumbrance was to protect his interest as holder of the $2,000 mortgage. Upon the discovery of the invalidity of the foreclosure proceedings, he would have been entitled to have this prior $400 mortgage kept alive to secure his outlay made under mistake.

[2] "In 1902 Mr. Nathaniel Ketcham sold this property to defendant Haab and brother for $2,300. They gave back a purchase-money mortgage for $1,500 and paid to Mr. Ketcham in all $800. By the failure of title, this purchase-money mortgage is of no value. The defendant Haab, having paid $8/23$ of his purchase, is therefore interested in that proportion in the two mortgages in question, with the estate of Nathaniel Ketcham and plaintiff as the representative owner of the remaining $15/23$ of these securities.

"The sums due on the two mortgages from defendant Deutsch are as follows:

| | | |
|---|---:|---:|
| $2,000 mortgage | | $2,000 00 |
| Interest from August 27, 1892, to January 23, 1912 | | 2,328 66 |
| $400 mortgage | $ 400 00 | |
| Interest November 13, 1896, to January 23, 1912 | 303 88 | 703 88 |
| | | $5,032 54 |

"Of which above proportions are:

| | |
|---|---:|
| $8/23$ | $1,750 44 |
| $15/23$ | 3,282 10 |
| | $5,032 54 |

"It, however, appears that Mr. Haab had borrowed from Mr. Nathaniel Ketcham $500 on April 15, 1905, and $300 on January 3, 1908, and as security had given second mortgages on this property. These being independent loans, on which the collateral has become worthless, are proper offsets to the proportionate recovery herein otherwise due to the defendant Haab, as his equities against the estate of Nathaniel Ketcham are available only for the actual amount due to him, after deducting what he owes to the estate. Story, Equity, § 1436.

[3] "The claim for improvements seems clearly to be barred by the ejectment proceedings, wherein a deduction for such credits was permitted under Code, § 1531. The judgment in that action (which has since been satisfied) barred further assertion of such claims for improvements.

"As a condition of this result, the plaintiff must surrender the various notes and mortgages of the defendant Haab, being the purchase-money mortgage of $1,500 and the subsequent securities for $500 and $300.

"Findings and judgment of foreclosure to be settled on five days' notice."

Argued before HIRSCHBERG, THOMAS, CARR, WOODWARD, and RICH, JJ.

Chas. H. Street, for appellant.

Thomas Young, of Huntington, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Putnam at Special Term.